No. 34　　　　July 16, 2026　　　　469

IN THE SUPREME COURT OF THE
STATE OF OREGON

In re Complaint as to the Conduct of

SEAN L. KYLE
OSB No. 176185,
*Respondent.*

(OSB 2314, 2547) (SC S072572)

En Banc

On review of the decision of a trial panel of the Disciplinary Board, dated December 11, 2025.

Submitted on the record on June 25, 2026.

No appearance on behalf of the Oregon State Bar or respondent.

PER CURIAM

Respondent is suspended from the practice of law for a period of 90 days, effective 60 days from the date of this decision.

**PER CURIAM**

In this lawyer disciplinary proceeding, respondent filed a timely request for review of a decision of a trial panel of the Disciplinary Board, but respondent failed to file an opening brief.[1] As permitted by ORAP 12.25(5)(c)(ii), the Bar requested that the matter be submitted on the record without briefing or oral argument, and we have granted that request.[2] *See* ORAP 12.25(5)(c)(ii) (explaining that, even if the Bar has waived briefing and argument, the court may direct the Bar to file a brief).

In attorney discipline matters, this court conducts *de novo* review. ORS 9.536(2). However, we have repeatedly emphasized that, in the absence of briefing challenging the trial panel's decision, this court is "free to circumscribe the extent of its review due to the absence of briefing or argumentation challenging the order on review." *In re Roller*, 361 Or 234, 237, 390 P3d 1045 (2017) (internal quotation marks omitted); *see also In re Paulson*, 346 Or 676, 679 n 3, 216 P3d 859 (2009), *adh'd to as modified on recons*, 347 Or 529, 225 P3d 41 (2010) ("Although our standard of review remains *de novo* (ORS 9.536(2)), ordinarily we will consider the issues for our review to be those framed by the parties' briefs and arguments.").[3]

Here, the trial panel concluded that respondent engaged in conduct that violated four Rules of Professional Conduct (RPC): RPC 1.4(a) (failure to keep client reasonably

---

[1] Counsel for respondent filed the request for review but shortly thereafter filed both a motion to withdraw and a motion for extension of time for respondent to file his opening brief. The court granted both motions, but respondent failed to file an opening brief within the extended time or seek an additional extension of time.

[2] If a respondent files a request for review under ORAP 12.25(3), but then does not file a brief, the Bar has a choice either to file an answering brief or to "[s]ubmit a letter stating that it wishes the matter submitted to the court on the record without briefing or oral argument." ORAP 12.25(5)(c).

[3] Although not expressly stated, the rules relating to disciplinary proceedings contemplate that the court will not dismiss for failure to prosecute even if the party who filed the petition requesting review fails to file a brief. *See, e.g.*, ORAP 12.25(5); Bar Rule of Procedure 10.5(1) ("The failure of the Bar or a respondent or applicant to file a brief does not prevent the opposing litigant from filing a brief."); *see also In re Worth*, 336 Or 256, 259, 82 P3d 605 (2003) ("When a party seeks review of the trial panel's decision, this court's review is mandatory and *de novo*. ORS 9.536(2)-(3)[.]").

informed); RPC 1.7(a)(2) (current conflict of interest based on significant risk that representation will be materially limited by lawyer's responsibilities to another client); RPC 8.4(a)(2) (criminal act that reflects adversely on lawyer's fitness); and RPC 8.4(a)(3) (conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness). The panel suspended respondent from the practice of law for 90 days, which was less than the 6-month suspension that the Bar had requested.

In the absence of any challenge by respondent to the trial panel's reasoning or conclusions, we accept that the record is as described by the trial panel. Indeed, the panel noted that respondent had admitted the first two violations, and respondent had not appeared to dispute that he had engaged in the criminal conduct on which the violation of RPC 8.4(a)(2) was based. We are persuaded by clear and convincing evidence that respondent committed the four violations charged. We also have identified no reason to conclude that the violations justify a lesser sanction than that imposed by the trial panel.[4] Accordingly, we affirm the decision of the trial panel.

Respondent is suspended from the practice of law for a period of 90 days, effective 60 days from the date of this decision.

---

[4] Although the sanction was substantially reduced from that requested by the Bar, the Bar is not seeking a different sanction on review.